## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **AMY CRANE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:24-CV-18 (CAR)** |
| | : | |
| **BRANDI CUNNINGHAM and** | : | |
| **SARAH CLARK,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**</u>

Currently before the Court is Plaintiff Amy Crane's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiff's Affidavit, it appears she is unable to pay the cost of commencing this action or the United States Marshal service fees.  Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**.  If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) **she must file a recast Complaint** within 21 days, which will supersede her original Complaint, as hereinafter directed.

### A. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

1

prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of poverty. Plaintiff states that she receives no income and has no assets.[5] Plaintiff attests that three minor children are dependent on her.[6] Plaintiff states that she owes over $100,000 in student loans, $2,000 in credit card loans, and $8,000 in other unspecified loans.[7] Thus, Plaintiff qualifies as a pauper under § 1915, and her Motion [Doc. 2] is **GRANTED**.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

[5] Plaintiff's Motion to Proceed IFP [Doc. 2].

[6] *Id.* at 2.

[7] *Id.*

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[8] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[10] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[11] But, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[12] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The plausibility standard requires that a plaintiff

---

[8] 28 U.S.C. § 1915(e)(2)(b).

[9] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[11] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[13] *Ashcroft*, 556 U.S. at 663.

3

allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[14]

The Court construes Plaintiff's Complaint to bring claims pursuant to 28 U.S.C. § 1983 for defamation and fabrication of incriminating evidence in violation of her Fourteenth Amendment due process rights.[15]

Plaintiff's Complaint is confusing and includes a long list of various wrongs committed by Defendant Brandi Cunningham, Defendant Sarah Clark, and other non-parties. Cunningham is the Director of the Jones County Division of Family and Children Services ("DFCS"), and Clark is a DFCS case worker.[16] The essence of Plaintiff's allegations is that she was arrested and prosecuted for cruelty to children in the first degree in Jones County because of false evidence and testimony provided by Defendants. Namely, Plaintiff alleges Defendants accused her of neglecting a child. Plaintiff claims that she was not responsible for this child, but Defendants lied and said she was the child's legal guardian, leading to her arrest and prosecution.[17]

Plaintiff alleges that Cunningham and Clark "omitted important legal documents and video in a CPS case which led to [her] arrest" and "falsified evidence, lied under oath,

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[15] *See Rehberg v. Paulk*, 611 F.3d 828, 852–53 (11th Cir. 2010); *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998); *Riley v. City of Montgomery*, 104 F.3d 1247, 1253 (11th Cir. 1997).

[16] Doc. 1 at 2. In her Complaint, Plaintiff refers to "CPS" instead of "DFCS." Based on the address Plaintiff provides for Defendants and a Google search, it appears Defendants are DFCS employees.

[17] Doc. 1-1 at 1.

[and] tampered with evidence to influence a case."[18] Plaintiff alleges that Cunningham "made statements" that Plaintiff was the guardian of a minor child, which "led [her] to being legally responsible for the child."[19]

Plaintiff asserts that she was arrested and now has a "pending criminal felony charge of Child Cruelty in the 1st degree" based on the actions and testimony of Cunningham and Clark.[20]

Plaintiff alleges other various wrongs committed by Cunningham and Clark, including: "discriminat[ing] against a person of color with disabilities;" making "inappropriate and racist jokes against the child;" forcing Plaintiff to "make a decision to put someone else's child in foster care . . . when she wasn't too mentally sound to make that decision;" "pretend[ing] to be a police officer;" and "put[ting Plaintiff's] life in danger by giving out [her] address and other personal information to the family that committed violent acts against [her]."[21]

Plaintiff seeks compensatory and punitive damages amounting to $1,100,000 and injunctive relief to prevent Cunningham and "caseworkers under her supervision" from "making defamatory statements" about Plaintiff and to keep them away from her and her children.[22]

---

[18] Doc. 1 at 4.

[19] Doc. 1-1 at 1.

[20] *Id.* at 1–2.

[21] *Id.*

[22] *Id.*

As is its duty, this Court has scrutinized Plaintiff's Complaint and has liberally construed all of Plaintiff's assertions.[23] As explained below, Plaintiff's Complaint fails to state any claim for relief.

## I.   Miscellaneous Claims

Plaintiff alleges various wrongful acts by Defendants, including disability and race discrimination, racist jokes, forcing Plaintiff to put someone else's child in foster care, pretending to be a police officer, and giving out Plaintiff's personal information. These allegations, however, do not state cognizable claims for relief under 42 U.S.C. § 1983 or any other federal statute.

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution and laws of the United States; and (2) the act or omission was committed by a person acting under color of state law.[24] Section 1983 "merely provides a remedy for deprivations of federal rights established elsewhere. . . . [i]t does not provide a remedy for 'any and all injuries inflicted by persons acting under color of state law.'"[25]

Plaintiff's disability and race discrimination claims resemble claims for employment discrimination under the Americans with Disabilities Act of 1990 and Title

---

[23] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[24] *Wideman v. Shallowford Cnty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).

[25] *Id.*

VII of the Civil Rights Act of 1964; however, both claims fail because there is no allegation Plaintiff and Defendants were in an employer-employee relationship. Plaintiff alleges Defendants were DFCS workers assigned to Plaintiff's case. The remaining allegations are not cognizable violations of the Constitution nor of any federal statute. To pursue her claims, Plaintiff must amend her complaint to plausibly suggest Defendants violated her federal rights.

II.   <u>Defamation Claim</u>

Plaintiff's allegations raise a claim for defamation under 42 U.S.C. § 1983. "In defamation cases brought under section 1983, allegations of injury to reputation alone do not support a section 1983 claim for violation of due process, and therefore must be accompanied by a constitutionally recognized injury."[26] Thus, a plaintiff is required "to show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation."[27] This is known as the stigma-plus standard.[28] "The constitutional violation must itself flow from the alleged defamation."[29]

Plaintiff's allegations are sufficient to meet the heightened stigma-plus standard. Plaintiff alleges Defendants lied and wrongfully accused her of neglecting and abusing a

---

[26] *Cypress Ins. Co. v. Clark,* 144 F.3d 1435, 1436 (11th Cir. 1998) (citing *Paul v. Davis,* 424 U.S. 693, 712 (1972)).

[27] *Id.*

[28] *Id.*

[29] *Rehberg v. Paulk,* 611 F.3d 828, 853 (11th Cir. 2010).

child, and as a result, she was arrested and prosecuted.[30] Although she sufficiently states a defamation claim, the Court cannot allow it to go forward because it is unclear whether Plaintiff's underlying criminal prosecution has terminated in her favor.

There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."[31] The Supreme Court requires a court to "abstain under *Younger* if: (1) state judicial proceedings are ongoing and the relief sought by the plaintiff would interfere with the state proceeding; (2) the federal proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal challenges in the state proceedings."[32] "The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required."[33]

If Plaintiff's state court criminal proceeding is ongoing, as alleged in the Complaint, *Younger* requires this Court to stay Plaintiff's "claims for monetary relief that cannot be redressed in the state proceeding" and dismiss her claims for injunctive relief.[34] Although Plaintiff is not directly challenging her prosecution, granting her the relief

---

[30] The Court draws this reasonable inference from Plaintiff's allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[31] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Younger v. Harris*, 401 U.S. 37, 41 (1971).

[32] *Carter v. Dep't of Child. & Fams.*, No. 21-13128, 2022 WL 2921310, at *2 (11th Cir. July 6, 2022) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1275–76 (11th Cir. 2003)).

[33] *31 Foster Children*, 329 F.3d at 1276.

[34] *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *see Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015) (citation omitted).

8

sought would indirectly interfere with the state court proceeding by restraining the prosecution's use of potential witnesses and evidence and making factual determinations about the substance of her criminal prosecution.

III.     Evidence Fabrication Claim

Plaintiff's allegations also raise a claim for fabrication of incriminating evidence. To state a § 1983 claim for fabrication of incriminating evidence in violation of her due process right to a fair trial,[35] Plaintiff must show that the criminal charges brought against her, and the resulting deprivations of liberty, were caused by the Defendants' "malfeasance in fabricating evidence."[36] The person falsifying or inducing the falsification of evidence must be "a member of the prosecution team," like a law enforcement officer.[37]

But a plaintiff cannot bring a "fabricated-evidence claim under § 1983 prior to favorable termination of [her] prosecution."[38] To establish favorable termination, Plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[39]

---

[35] *Riley v. City of Montgomery*, 104 F.3d 1247, 1253 (11th Cir. 1997) (citing *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977)); *Jones v. Cannon*, 174 F.3d 1271, 1289–91 (11th Cir. 1999) (citing *Napue v. Illinois*, 360 U.S. 264, 268–70 (1959)).

[36] *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019).

[37] *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977).

[38] *McDonough*, 139 S. Ct. at 2156.

[39] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Although Cunningham and Clark allegedly testified against Plaintiff at some point, it is unclear whether that they are a part of the prosecution team against Plaintiff in her criminal matter. Moreover, Plaintiff has not established that her criminal prosecution has terminated in her favor. If Plaintiff's underlying criminal case is ongoing, her claims for monetary damages will be stayed, and her claims for injunctive relief will be dismissed pursuant to *Younger v. Harris*.[40]

Thus, to proceed with any of her claims, Plaintiff must address the status of her underlying criminal case in her recast Complaint.[41] In addition, to proceed with her evidence fabrication claim, Plaintiff must sufficiently allege Defendants were part of the prosecution team.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but the allegations in her Complaint fail to state a claim. If Plaintiff wishes to proceed with the action, she **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order. This recast Complaint **MUST** be filed in accordance with the directives contained in this Order and specifically address whether her state criminal case is ongoing. If Plaintiff fails to

---

[40] 401 U.S. 37, 41 (1971); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

[41] The Court has viewed the Jones County Clerk of Court's online docket, and it appears that Plaintiff's criminal case is still pending and that she is on the criminal trial calendar for February 15, 2024. *See Case Search*, Jones County Clerk of Court, https://www.jonesclerkofcourt.com/webcasemanagement/mainpage.aspx (choose "Criminal Search"; then search "Crane, Amy"; and click the green plus button beside the entry with case number "2022-CR-390" and defendant name "Crane, Amy Lachelle") (last visited Feb. 5, 2024).

respond within twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 5th day of February, 2024.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT