IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AMY CRANE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:24-CV-18 (CAR) |
| | : | |
| BRANDI CUNNINGHAM and | : | |
| SARAH CLARK, | : | |
| | : | |
| Defendants. | : | |

# ORDER

On February 5, 2024, the Court granted *pro se* Plaintiff Amy Crane's Motion to Proceed *IFP*, ordered her to file a recast complaint by February 26, 2024, and warned her that a failure to do so would result in the dismissal of this case [Doc. 3]. Plaintiff failed to file a timely recast complaint, so on March 6, 2024, the Court dismissed her case without prejudice [Doc. 4], and the Clerk entered judgment against her. The next day, on March 7, 2024, Plaintiff filed an amended complaint [Doc. 6]. The Court **CONSTRUES** Plaintiff's Amended Complaint [Doc. 6] to include a motion to extend time to file her recast complaint and **GRANTS** the Motion. Thus, the Judgment [Doc. 5] in this case is **VACATED,** and the Court now addresses Plaintiff's Amended Complaint.

Having reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e), the Court finds that Plaintiff's evidence fabrication claim fails to state a claim, but her

1

defamation claim, pursuant to 42 U.S.C. § 1983, may proceed. As explained in the Court's previous Order [Doc. 3], Plaintiff needed to allege sufficient facts from which the Court could reasonably infer that Defendants were part of the prosecution team in her criminal case when they allegedly fabricated evidence. She failed to do so. Plaintiff also alleges new claims for violations of the First, Fourth, Eighth, and Fourteenth Amendments, and for malicious prosecution. These new causes of action all fail to state a claim because they rely on conclusory allegations. Thus, the Court **DISMISSES** Plaintiff's claims for evidence fabrication, malicious prosecution, and violations of the First, Fourth, Eighth, and Fourteenth Amendments.

Plaintiff has plausibly stated a claim under 42 U.S.C. § 1983 for defamation. As explained in the Court's previous Order, the Supreme Court requires a plaintiff's claim for monetary relief to be stayed when granting the relief sought would interfere with an ongoing state criminal proceeding.[1] Because Plaintiff's state criminal case is ongoing,[2] the Court **ORDERS** Plaintiff's claims for money damages against Defendants Brandi Cunningham and Sarah Clark be **STAYED** pending the resolution of the state court criminal proceedings against Plaintiff. The Court **ORDERS** Plaintiff to file a motion to reopen the case within thirty (30) days of the conclusion of the criminal proceedings against her if she wishes to proceed with her defamation claim against Defendants. **The**

---

[1] *Younger v. Harris*, 401 U.S. 37, 41 (1971); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).
[2] Plaintiff's Recast Complaint [Doc. 6 at 3].

**failure to timely file a motion to reopen her case will result in the dismissal of those claims.**

      **SO ORDERED,** this 8th day of March, 2024.

                                            s/ C. Ashley Royal_____
                                            C. ASHLEY ROYAL, SENIOR JUDGE
                                            UNITED STATES DISTRICT COURT